UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD J. JACKSON, JR,

      Plaintiff,

v.                                                            Case No. 25-cv-11666
                                                              HON. MARK A. GOLDSMITH

WELLS FARGO BANK N.A., et al,

      Defendants.

_____/

### OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 31), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 32), AND (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 14, 18, 21)

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony Patti issued on 1/21/2026 (Dkt. 31). In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motions to dismiss (Dkts. 14, 18, 21).[1]

Jackson filed objections. See Obj (Dkt. 32). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendations in the R&R, (ii) overrules Jackson's objections, and (iii) grants Defendants' motions to dismiss.

## I.    ANALYSIS

---

[1] As to Defendant Wells Fargo Bank N.A.'s motion, the briefing includes Jackson's response (Dkt. 23) and Wells Fargo's reply (Dkt. 27). As to Defendant Joseph H. Hickey's motion, the briefing includes Jackson's response (Dkt. 24) and Hickey's reply (Dkt. 26). As to Defendant David WM Ruskins' motion, the briefing includes Jackson's response (Dkt. 25) and Ruskins' reply (Dkt. 29).

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.244–246. The R&R discerns that Jackson brings three counts against Defendants: (i) "a claim presumably under 42 U.S.C. § 1983" for violating his due process rights under the Fifth and Fourteenth Amendments; (ii) a claim under the Americans with Disabilities Act (ADA); and (iii) a claim for intentional infliction of emotional distress (IIED).  Id. at PageID.246 (citing Compl. at PageID.9– 10 (Dkt. 1)).  In the defense view, they are part of an effort to "delay and hinder state court eviction proceedings through the filing of bankruptcy proceedings in federal district court." Wells Fargo Mot. at PageID.57.  The R&R asserts that all the claims are "patently frivolous."  R. & R. at PageID.248.

As to Jackson's procedural due process claim, the R&R recommends that the Court grant Defendants' motions to dismiss because Jackson has not alleged that any of the Defendants are state actors nor does he explain how his alleged harms are attributable to Defendants.  R. & R. at PageID.249–252.  The R&R recommends that Jackson's ADA claim be dismissed because the ADA does not apply to private actors, like Defendants.  Id. at PageID.253.  The R&R also recommends that Jackson's IIED claim be dismissed because his alleged harm, that the bankruptcy court pursued proceedings while he was hospitalized, is not "extreme and outrageous conduct" sufficient to state a IIED claim.  Id. at PageID.256.

Jackson makes four objections to the R&R.  Obj. at PageID.264–266.[2]  Each one lacks merit.

### A.  Objection 1

---

[2] Jackson's objections also raise other issues.  He makes a "statement of constitutional emergency," obj. at PageID.263, he alleges "structural due process violations[,]" id. at PageID.266–267, and he makes a "demand for recusal and reassignment."  Id. at PageID.267–268.  Because these are not proper objections to the R&R, the Court will not consider them.

Jackson's first objection is entitled, "judicial interference and the court answering for defendants." Obj. at PageID.264. He asserts that "[r]ather than adjudicating disputes presented by the parties, the Court independently identified defenses, reframed Plaintiff's claims, and resolved jurisdictional and procedural issues in favor of defendants who had not yet appeared." Id.

Jackson's objection does not show how there was any error in the R&R's conclusion—he merely disagrees with it, which is not a valid objection. Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Objection 1 is overruled.

### B. Objection 2

Jackson's second objection is entitled, "objection to the use of doctrinal gatekeeping at the threshold." Obj. at PageID.265. He describes this objection as "object[ing] to the Court's use of jurisdictional and abstention doctrines as gatekeeping mechanisms to terminate the case before factual development." Id.

The Court does not understand this objection as the R&R does not mention abstention. There is only one reference to jurisdiction in the R&R—a footnote describing an argument that Ruskin makes related to jurisdiction. The R&R's conclusion, that Jackson fails to state any claim, does not rest on a jurisdiction argument. R. & R. at PageID.258, n.1. Because Jackson does not actually object to a conclusion in the R&R, objection 2 is overruled.

### C. Objection 3

Jackson's third objection is entitled "objection to the absence of findings of fact and conclusions of law." Obj. at PageID.265. He contends that the Magistrate Judge "resolved threshold issues affecting [his] access to court yet issued no factual findings and no legal conclusions tied to adjudicated facts." Id.

The Court does not understand this objection, as the R&R does describe the facts and makes recommendations based on the parties' arguments. See R. & R. Objection 3 is overruled.

### D. Objection 4

Jackson's fourth objection is to the R&R's recommendation that Jackson not be granted leave to amend his complaint—a request that the R&R described was "tacked on" to each of Jackson's three response briefs. Obj. at PageID.266; R. & R. at PageID.259. Jackson argues that the Magistrate Judge "denied amendment on the theory that it lacked jurisdiction and was therefore powerless to permit amendment." Obj. at PageID.266. That is not why the Magistrate Judge recommended that the Court deny Jackson's leave to amend his complaint. The R&R recommended that the Court deny Jackson leave to amend because (i) he did not file a separate leave to amend motion; (ii) he did not attach the proposed amended complaint to his request; and (iii) any proposed amendment would be futile. R. & R. at PageID.260. Jackson does not explain how the R&R's recommendation is wrong, and the Court does not see any error in the R&R's recommendation. Objection 4 is overruled.

## II. CONCLUSION

The Court adopts the R&R in its entirety (Dkt. 31); overrules Jackson's objections (Dkt. 32); and grants Defendants' motions to dismiss (Dkts. 14, 18, 21). The case is now closed.

**SO ORDERED.**

Dated: March 26, 2026                              s/Mark A. Goldsmith
Detroit, Michigan                                   MARK A. GOLDSMITH
                                                    United States District Judge

5

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

s/Joseph Heacox           
JOSEPH HEACOX
Case Manager
